UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HEARTBRAND HOLDINGS, INC. | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. <u>19-cv-344</u> |
| | ) | |
| DANIEL'S WESTERN MEAT | ) | |
| PACKERS, INC. | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, HeartBrand Holdings, Inc. (hereinafter "HeartBrand") files this "Plaintiff's Original Complaint" against Defendant, Daniel's Western Meat Packers, Inc. (hereinafter "Daniel's") and in support thereof alleges the following:

### PARTIES

1. HeartBrand is a Texas corporation with its principal place of business located at 101 W. South Main, Flatonia, Texas 78941.

2. Daniel's is a California corporation with its principal place of business in Hermosa Beach, California 90254, with a mailing address of P.O. Box 494, Hermosa Beach, California 90254. Daniel's may be served by serving its registered agent, namely Alfred Santos, located at 5220 Van Norman Road, Pico Rivera, California 90660.

### JURISDICTIONAL VENUE

3. This is an action for trademark infringement and unfair competition pursuant to the Lanham Act, Title 15 U.S.C. § 1051 *et. seq.* This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial number of the events giving rise to the claim occurred in this district.

**FACTS**

4. HeartBrand, through its predecessor in title, started using the mark NATURE'S HEALTHY BEEF for "beef" as early as June 7, 2010, which use was in interstate commerce, and HeartBrand has obtained U.S. Registration No. 3,842,973 (see **Exhibit A**).

5. HeartBrand sells its beef products through a distribution network throughout the United States.

6. The mark NATURE'S HEALTHY BEEF appears on the label (see **Exhibit B**) and in the boxes (see **Exhibit C**) of the beef distributed throughout the United States. On the website of www.heartbrand.com, the beef can be ordered, and has been ordered, for delivery throughout the United States, including into Southern California (see **Exhibit D**). The containers containing the beef will have the mark NATURE'S HEALTHY BEEF on and/or inside the containers containing the beef product.

7. HeartBrand is on the social media networks Facebook and Twitter. HeartBrand uses Facebook and Twitter to communicate with consumers throughout the United States, including in Southern California, using the mark NATURE'S HEALTHY BEEF., .

8. Long after HeartBrand started using and registered NATURE'S HEALTHY BEEF, Daniel's started using the mark NATURE'S NATURAL BEEF to identify its beef products. Daniel's has used NATURE'S NATURAL BEEF on its website of www.danielswesternmeatpackers.com, samples of such use being attached hereto as **Exhibit E**. From the website of www.danielswesternmeatpackers.com, the beef bearing the mark NATURE'S NATURAL BEEF may be ordered.

9. Based on information and belief, Daniel's has shipped product, including "beef" from their website throughout the United States, including into the Western District of Texas. Based

on information and belief some of that product being shipped throughout the United States, including into the Western District of Texas has the mark NATURE'S NATURAL BEEF.

10. Daniel's purchases its products for resell from vendors located all over the United States (see **Exhibit F**). Based on information and belief, some of the vendors are located in Texas, including the Western District of Texas.

11. Based on information and belief, some of the beef being marketed by Daniels under NATURE'S NATURAL BEEF is from Texas, including the Western District of Texas.

12. Daniel's is also active on the social medial networks Facebook and Twitter, the same as HeartBrand. The social media networks Facebook and Twitter are available throughout the United States, including the Western District of Texas. Based on information and belief, some Facebook and Twitter followers of Daniel's are located in Texas, including the Western District of Texas.

13. In an attempt to get exclusive rights to use NATURE'S NATURAL BEEF for "beef", Daniel's filed in the United States Patent and Trademark Office, Application Serial No. 87/523,195 on July 11, 2017 to register the mark NATURE'S NATURAL BEEF for "beef". The application was subsequently abandoned after it was rejected by the Examiner because of a likelihood of confusion with Registration No. 3,842,397 (see **Exhibit A**) owned by HeartBrand for NATURE'S HEALTHY BEEF.

14. On September 19, 2018, Daniel's filed Application Serial No. 88/122,720, trying for a second time to register NATURE'S NATURAL BEEF for "beef". Again, the application was rejected based upon a likelihood of confusion with U.S. Registration No. 3,842,973 (see **Exhibit A)** for the mark NATURE'S HEALTHY BEEF owned by HeartBrand. This application is still pending.

15. After being twice rejected by the United States Patent and Trademark Office, one of the owners of Daniel's called one of the owners of HeartBrand wanting to buy Registration No. 3,842,973 for the mark NATURE'S HEALTHY BEEF.

## COUNT 1
### Trademark Infringement

16. The allegations in paragraphs 1-15 are incorporated by reference as if fully set forth herein.

17. HeartBrand is the owner and senior user of the mark NATURE'S HEALTHY BEEF for "beef".

18. HeartBrand owns U.S. Trademark Registration No. 3,842,973 (see **Exhibit A**) for the mark NATURE'S HEALTHY BEEF for "beef".

19. Daniel's is using a confusingly similar mark of NATURE'S NATURAL BEEF for "beef".

20. HeartBrand distributes its beef under the mark NATURE'S HEALTHY BEEF throughout the United States, including into Southern California where Daniel's is located.

21. HeartBrand's advertisement of its beef under the mark NATURE'S HEALTHY BEEF is carried throughout the United States, including into Southern California, where Daniel's is located.

22. On information and belief Daniel's advertises and sells its product throughout the United States, including in the Western District of Texas.

23. Both HeartBrand and Daniel's use the social media networks Facebook and Twitter in advertising their beef products under either NATURE'S HEALTHY BEEF or NATURE'S NATURAL BEEF.

24. Daniel's use of NATURE'S NATURAL BEEF is causing and will continue to cause confusion, mistake or deception on the public as to an affiliation, sponsorship or approval between HeartBrand and Daniel's beef products.

25. Daniel's acts constitute trademark infringement under the Lanham Act.

26. Daniel's will continue to infringe HeartBrand's mark despite notice of HeartBrand's trademark rights and over HeartBrand's objection to Daniel's use of a confusingly similar infringing mark.

27. HeartBrand has spent substantial time and resources in developing the goodwill associated with the mark NATURE'S HEALTHY BEEF for "beef".  The goodwill of the mark is of substantial value to HeartBrand.  HeartBrand has suffered, and will continue to suffer, irreparable harm should trademark infringement by Daniel's be allowed to continue.

28. Pursuant to 15 U.S.C. § 1114 and § 1116, Plaintiff is entitled to preliminary and permanent injunctive relief to restrain Daniel's infringement of the mark, including, but not limited to, any and all use of the infringing mark NATURE'S NATURAL BEEF.

29. Daniel's acts of trademark infringement have damaged HeartBrand in an amount not yet determined.  Pursuant to 35 U.S.C. § 1117, HeartBrand seeks Daniel's profits, actual damages, cost of this action, and such additional relief as may be deemed appropriate and awarded by this Court.

30. Daniel's acts of trademark infringement have been, and continue to be, deliberate and willful, therefore, warranting an award of enhanced damages.  Accordingly, HeartBrand is entitled to seek a finding that this case is exceptional and warrants an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT 2
## Unfair Competition Pursuant to the Lanham Act

31.     The allegations set forth in paragraphs 1-30 are incorporated by reference as set forth herein.

32.     HeartBrand is the owner and senior user of the phrase NATURE'S HEALTHY BEEF as a trademark for "beef".

33.     Daniel's use of NATURE'S NATURAL BEEF constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

34.     HeartBrand has invested substantial time and resources in developing the goodwill associated with NATURE'S HEALTHY BEEF.  The goodwill of the mark NATURE'S HEALTHY BEEF is of substantial value to HeartBrand and HeartBrand has, and will continue to suffer, irreparable harm should unfair competition by Daniel's be allowed to continue.

35.     Pursuant to 15 U.S.C. § 1116, HeartBrand is entitled to preliminary and permanent injunctive relief to restrain Daniel's unfair competition, including, but not limited to, any and all use of NATURE'S HEALTHY BEEF.

36.     Daniel's acts of unfair competition have damaged HeartBrand in an amount not yet determined.  Pursuant to 15 U.S.C. § 1117, HeartBrand is entitled to and seeks actual damages, costs of this action and such additional relief as may be deemed appropriate and awarded by this Court.

37.     Daniel's acts of unfair competition have been, and will continue to be, deliberate and willful, therefore, warranting an award of enhanced damages.  Accordingly, HeartBrand is entitled to and seeks a finding that this case is exceptional and an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**JURY DEMAND**

38. HeartBrand hereby demands a trial by jury on all triable issues alleged in this Plaintiff's Original Complaint.

**PRAYER**

Wherefore, HeartBrand Holdings, Inc. respectfully prays that this Court enter a judgement as follows:

A. Daniel's Western Meat Packers, Inc. and all others persons in active concert or participation with Daniel's be permanently enjoined from engaging in acts of trademark infringement and unfair competition complained of herein, including but not limited to, cease using NATURE'S NATURAL BEEF, or any other marks confusingly similar with NATURE'S HEALTHY BEEF;

B. Daniel's pay to HeartBrand all profits Daniel's gathered from Daniel's trademark infringement or unfair competition, and all actual damages suffered by HeartBrand as a result of Daniel's trademark infringement and unfair competition;

C. Daniel's expressly abandon their Application Serial No. 88/122,720 filed on September 19, 2018;

D. A finding this case is an exceptional case and awarding HeartBrand enhanced damages and attorney's fees;

E. Awarding HeartBrand pre-judgment and post-judgment interest;

F. Awarding HeartBrand costs of Court; and

G. Such other and further relief to which HeartBrand shows itself justly entitled.

Dated:  April 3, 2019

                              Respectfully submitted,

                              /s/  Ted D. Lee
                              Ted D. Lee, TSB #12137700
                              tlee@gunn-lee.com
                              Brandon Cook, TSB #24084166
                              nguinn@gunn-lee.com
                              GUNN, LEE & CAVE, P.C.
                              8023 Vantage Drive, Suite 1500
                              San Antonio, TX  78230
                              210-886-9500 (voice)
                              210-886-9883 (fax)

                              ATTORNEYS FOR PLAINTIFF